MASON TENDERS DISTRICT COUN-CIL WELFARE FUND, Pension Fund, Annuity Fund, Training Fund, New York State Laborers Employers Cooperation and Education Trust Fund, New York Laborers' Health and Safety Trust Fund, Building Contractors Association Industry Advancement Program, John J. Virga, in his fiduciary capacity as Director and Anthony Silveri, as Business Manager of the Mason Tenders District Council of Greater New York and Long Island, formerly known as Mason Tenders District Council of Greater New York, Plaintiffs–Appellees,

v.

EMPIRE STATE RENOVATION CORP. and Jerzy Szymczyk, Defendants–Appellants,

Empire State Restoration Corp., Defendant.

No. 00–9137.

United States Court of Appeals, Second Circuit.

May 17, 2001.

Peter Agovino, Agovino & Asselta, LLP, Mineola, New York; Joseph P. Asselta and Jason L. Rothman, of Counsel, for appellants.

Michael Vollbrecht, Gorlick, Kravitz & Listhaus, P.C., New York, NY, for appellees.

Present SOTOMAYOR and
KATZMANN, Circuit Judges,
BERTELSMAN, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*), it is hereby

Appeal from a judgment for plaintiffs of the United States District Court for the Southern District of New York (Kaplan, *J.* ). We affirm the district court's finding of "single employer" status but vacate and remand for the district court to determine the appropriateness of the relevant bargaining unit. We reject appellants' other claims.

This action was commenced on behalf of various employee benefit funds and the mason tenders' union ("Mason Tenders") to recover statutorily and contractually required contributions and dues against Empire State Renovation Corporation ("Renovation"), Empire State Restoration Corporation ("Restoration"), and Jerzy Szymczyk. Prior to trial, the action was severed and stayed as to Restoration.

After a one day bench trial, the district court ruled that Renovation and Restoration constitute a "single employer." Reviewing this finding for clear error, we affirm. *See* Fed.R.Civ.P. 52(a) ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous."). Appellants concede that in June 1998 ■ Szymczyk, the President of Renovation, signed Restoration's collective bargaining agreement ("CBA") with Mason Tenders (the "Restoration Agreement"), binding Restoration to the terms of the CBA. Szymczyk signed the daily sign-out logs and certified payrolls for the employees of both Renovation and Restoration. Frank Federico was an employee of Restoration at a time when Restoration ap-

---

* The Hon. William O. Bertelsman, of the United States District Court for the Eastern District of Kentucky, sitting by designation.

peared to have no payroll, and a remittance to the Mason Tenders' funds from Restoration on Federico's behalf was signed by Szymczyk. Szymczyk attended a Mason Tenders audit of Restoration's books because, according to Szymczyk, the principle of Restoration also in attendance spoke no English and needed help to "understand the business." After a review of all the record evidence, we hold that the district court's determination that Renovation and Restoration are a "single employer" was not clearly erroneous.

Based upon this finding of "single employer" status, appellees can hold Renovation and Szymczyk jointly and severally liable for Restoration's unpaid debts and obligations, including the financial obligations to appellees under the Restoration Agreement. *See Lihli Fashions Corp., Inc. v. NLRB,* 80 F.3d 743, 748 (2d Cir. 1996) (per curiam). In order to bind the covered employees of Renovation to the terms of the Restoration Agreement itself, however—as the district court appears to have done in its award of damages—Renovation and Restoration must be found to constitute an appropriate bargaining unit. *See id.* at 747–48. Because the district court failed to make such a finding, we vacate and remand to provide the district court an opportunity to rule on the appropriateness of this bargaining unit.

We reject appellants' suggestion that a finding as to the appropriateness of the bargaining unit cannot be made by the district court in the first instance. When, as here, Congress has given the federal courts jurisdiction to decide these breach of contract and ERISA claims, and when their resolution turns on a collateral issue of labor law such as the appropriateness of a bargaining unit, and in the absence of any unfair labor charge or unit clarification addressed to the National Labor Relations Board ("NLRB") by the parties, the feder-

al courts have jurisdiction to decide these necessary issues of fact. *See Brown v. Sandimo Materials,* 250 F.3d 120 (2d Cir. 2001) ("[T]he district court has jurisdiction over the question whether the defendants' employees constitute an appropriate single bargaining unit.").

We also reject appellant's contention that the district court engaged in improper speculation or conjecture in awarding damages. The district court calculated the damages based on the certified payroll records of Renovation that listed employees under the classifications "mason tender," "asbestos" worker, or "laborer." The collective bargaining agreements at issue required Restoration and Renovation to employ only members of the union to tend masons and do asbestos work. As to the category of "laborer," the district court noted that the CBAs "cover an astonishingly broad array of tasks ... so broad that it is difficult to imagine any task on a construction site that might be performed by anyone referred to as a laborer that would not be covered." Assuming that Renovation and Restoration comprise an appropriate bargaining unit, we find that the district court's award of damages was not clearly erroneous. *See United States Naval Inst. v. Charter Communications, Inc.,* 936 F.2d 692, 697 (2d Cir.1991) (reviewing the district court's calculation of damages for clear error).

Therefore, we affirm the district court's finding that Renovation and Restoration are a "single employer," and vacate and remand for the district court to determine whether Renovation and Restoration constitute an appropriate bargaining unit. If, upon remand, the district court were to decide that Renovation and Restoration do not constitute an appropriate bargaining unit, the award of damages would need to be modified accordingly. We have consid-

ered all of appellants' other arguments and reject them as without merit.